Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Petitioner *v.* Governor Richard Thornburgh, et al., Respondents.

Submitted on briefs June 5, 1984, to President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and PALLADINO.

*Patrick M. McHugh,* Deputy Chief Counsel, with him, *Gary F. DiVito,* Chief Counsel, for petitioner.

*Robert J. Schwartz,* Assistant Counsel, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 19, 1984:

Before us for disposition are preliminary objections to a Pennsylvania Liquor Control Board's motion to enjoin the action taken by the Secretary of Administration for the Commonwealth. We overrule the preliminary objections.

On January 25, 1984, the Secretary of Administration ordered a hiring freeze on the Board.[1] On Janu-

---

[1] Secretary Dickman's decision was based on references in various news publications to supposed misconduct by certain employees of the Board.

ary 31, 1984, at the direction of its Chairman and one of its members, the Board instituted the present action seeking to enjoin the imposition of the freeze.[2] On February 7, 1984, this Court granted petitioner's motion to preliminarily enjoin the actions of the Secretary of Administration. Respondents filed preliminary objections raising the question of lack of capacity to sue.

Respondents argue that the Board failed to take the formal action required to authorize the suit. They contend that under Section 203 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §2-203, formal action requires the approval of at least two members. Citing the Open Meeting Law, Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. §§261-269, they further contend that formal action must be approved at a public meeting.

The Chancellor recognized in granting the preliminary injunction that the immediate imposition of the hiring freeze would have resulted in great hardship to the Board. In granting the preliminary relief, he recognized the urgency in writing:

> This hasty and arbitrary decision to effectuate this freeze has, and will continue to have, a chaotic result. As clearly seen in the record, the measures imposed by Secretary Dickman will result in extreme hardship to the agency. The Board's marketing program will be severely damaged, causing significant money loss. Violations of the union contract will occur; vio-

_____
[2] On January 31, 1984, President Judge CRUMLISH granted petitioner's motion for ex parte relief and temporarily restrained the respondents from imposing the hiring freeze. On February 1, 1984 the Supreme Court of Pennsylvania granted in part the respondents' application for a stay of this Court's Order. The Supreme Court modified the Order to provide that the freeze shall not prevent the hiring of a maximum of ten persons to whom commitment had already been made.

lations of private contracts will consequent in irreplaceable income loss; understaffed stores will close.[³]

The Secretary of Administration notified the Board of its intention to impose a hiring freeze on January 25, 1984. An emergency erupted and it became necessary to seek immediate ex parte relief. We believe this emergency situation justified the action of the Board. No regular meetings were scheduled so that a formal vote of the Board could be had to relieve the emergency. Instead, the Chairman of the Board, after conferring with a Board member and the Chief Counsel, advised the Secretary of Administration that the Board would institute legal action unless he removed the freeze. When the Secretary refused, the action was filed. These events transpired between Wednesday, January 25, 1984, and Tuesday, January 31, 1984. At a regularly-scheduled Board meeting on March 14, 1984, the Board formally ratified the earlier decision of its two members. These procedures are adequate when one considers the urgency of the events.

Respondents also contend that the suit is defective because the decision was not reached at a public meeting pursuant to Section 2 of the Open Meeting Law.⁴ Having already held that the Board's emergency action was ratified at its March 14th meeting, we need not address the issue of the informal initial approval in our disposition of this case.

———

³ *Pennsylvania Liquor Control Board v. Thornburgh* (No. 282 C.D. 1984, filed February 8, 1984), slip op. at 3 (footnote omitted).

⁴ Section 2 of the Open Meeting Law provides:

The meetings and hearings of every agency at which formal action is scheduled or taken are public meetings and shall be open to the public at all times. No formal action shall be valid unless such formal action is taken during a pubic meeting.

We overrule the preliminary objections of the respondents.

ORDER

Respondents' preliminary objections to the Pennsylvania Liquor Control Board's petition for review are overruled.